Seghers,
on an application for a re-hearing.
In the enumeration of the votes in favour of Chabaud & Percy, the court has omitted that of I. & I. D. Forcade of Bordeaux, who voted for $5194 45 cents, by an attorney in fact, whose powers are on record. Their claim is founded on an account current, likewise on record. It is true that the claim is not supported by the deposition of the witness; but, independently of this deposition, the claim rests on the confession of the debtor and his signature to the account, with which concur other circumstances, which destroy the presumption of fraud. The document, no. 12, shews that this claim proceeds from the sale made by Lanusse of a whole cargo, consigned to him by Forcade, and in which he was interested for one-half, and Forcade for the other. This fact, it is believed, destroys every *169 presumption of fraud: it was not contested at the trial before this court, nor was there ever an objection raised, by any of the adverse counsel, against this claim.
The court has likewise omitted the vote of N. Cox, final syndic of Dutillet & Sagory, for a claim of $10,780. A similar vote was given for Messrs. Labatut and Lachiappella, by D. Bouligny, provisional syndic. Before the notary, and before the court below, both parties claimed the benefit of that vote; which, of course, implies the acknowlegement of the truth of the claim. There was nothing else at issue between them on this subject, than the authority of the voters: on this head we refer the court to our first argument and the document no. 10.
A small error of calculation has been made in adding together the claims of Old. $700; Habine, $13,491 75 ; Gros, 1617 66; Dennistoun, Hill & Co. $428 28; Townsley, $480—which make the aggregate sum of $16,717 69 cents, instead of $16,616 69. If to this we add the claim of the Planters’ Bank, as it is admitted by the judgment of this court $179,084 05, and the two votes above mentioned *170 of Forcade and Cox, we will have a majority in favour of Chabaud & Percy.
According to the principle “ that all votes given at the meeting to which opposition has been made, and which are proved alone by the production of the insolvent’s notes, and the oath of the creditors who hold them, must be rejected,” the vote of Caisergues could not be received. There is no evidence of any consideration having ever been paid for the notes produced in support of his claim; the signatures to those notes are not even proved. His own deposition is the only one introduced on this subject, and he is silent about those particulars. Nothing is adduced to destroy the legal presumption of fraud. It may, perhaps, be observed that this objection was not raised at the trial before this court; but the principle was first invoked by the adverse party, and it must, therefore, the more strictly apply to their own case and to every branch of it—at all events, the observation would only apply to the six notes, amounting together to $14,000, and the objection would remain in full force as to the three others, amounting to $9000, which would reduce his vote to $7870, instead of $16,870—for which this court has admitted it.
*171 An omission and some mistakes are thought to have taken place in settling the amount for which the vote of Made. Lanusse is admitted by the judgment.
^1st. The court has omitted to deduct from her claim one-third of the $8000, which have been paid to, or rather less received from the heirs of Prevost, by the transaction, which is in evidence sub littera, K.
2d. The court has comprised in their calculation of this claim a sum of $500, which is alleged to be a present made to Made. Lanusse by her grand-mother, and whereof there is no evidence on record.
3d. In deducting $7500, for one-half of the $15,000, paid cash by B. Macarty, as stated in the act of sale to him by Mr. & Mrs. Lanusse, the court grounds this proportion on the part of the plantation which belonged to the community, and on that which belonged to the wife. In this it is thought there is error: one-third of the plantation descended to Made. Lanusse, from her father; one-sixth was bought, by Lanusse, from Edmond; thus their proportions were from two to one, and therefore their shares in the $15,000, must be $5000, for the community, and $10,000 for Mde. La *172 nusse; which increases the deduction, of the sum of $2,500,
4th. By the same deed of sale, sub littera I, Mr. & Mrs. Lanusse acknowlege to have received, jointly, an additional sum of $25,000, in a house and its dependencies, situated in New-Orleans. This is clearly a remploi for so much; and as there is no evidence on record that the husband disposed of the house, his wife has no claim on him for her proportion in that amount; she must still be considered as the owner of the two-thirds of that house, and her claim must consequently be reduced in that proportion; that is, for the two-thirds of the $25,000, the price of the same.
5th. The court allows a deduction from her claim of $16,660, for her proportion in the thirty-four negroes put on the plantation by Lanusse, calculated on the price of the sale to B. Macarty. Here we must be permitted to urge again an argument set forth in our observations, and which seems to have been overlooked. The claim of one-third or two-sixths of Madame Lanusse on the plantation and slaves, does not extend further than to what descended to her from her ancestor. To prove in what it consisted, she brings forth the *173 inventory in which the slaves are designated by their names. It is in evidence, by her own documents, that many of them were sold and accounted for by the executors—many may have died between the date of the inventory and that of the sale to B. Macarty. The presumption is, that they have been replaced by the partnership of Lanusse & Macarty. Of this, it is true, we have no evidence, nor could we procure it, but we need none. The deed of sale to B. Macarty sufficiently evinces the fact. There 130 negroes are sold, and it is there stated that they descend partly from the father of Madame Lanusse, and come partly from purchases made by Lanusse and Macarty. It was then necessary to establish the number descending from the father, to compare their names with those of the inventory, and by this comparison it will be found that 70 only of that description remained at the time of the sale. Hence, it follows, that the 60 others belonged to the partnership of Lanusse & Macarty, and thus, that the court, in deducting the proportion of Madame Lanusse in the value of 34, made an omission of 26, in whose value she owes also her proportion. The sum of $16,660, allowed for the *174 34, gives an average of $490 for each, which, for the 26, makes a supplementary sum of $12,740; which sum being deducted from the one found by the court, to wit: from $66,962 33 cents, leaves a balance of $31,889, to which, we believe, the vote of Madame Lanusse must be reduced.
PORTER J.
delivered the opinion of the court. If we were to admit the claim of Fourcade, because it is supported by other circumstances, we would be obliged also to admit that of Tricou & sons, and others in favor of the appellees, which would make the balance against the appellants still larger.
The vote of the definitive syndic for Chabaud & Percy, cannot be received, because the provisional syndic voted for Labatut and Tricou. It is an admission between those parties as to the amount, but it certainly does not conclude other creditors.
The error in the addition of $107, does not vary the result as the majority was established by more than 7000 dollars.
The bill of exceptions taken in the court below to Caissergues’ evidence, having been withdrawn, he was a good witness; especially *175 under the declaration made by him on oath, that he had no interest in the matter in dispute.
The proportion of madame Lanusse in the sum of 8000 dollars, which formed the subject of the compromise with the heirs of Prevost, entered into our calculation, and was deducted.
We did not take into view the donation from the grand-mother.
The construction put on the receipt was a strictly legal one; it was given by husband and wife, jointly; and if we even yielded to the construction of counsel, there would still be a majority for appellees.
The title to the house was made to the husband by the wife’s consent; he accepted it, and thereby became accountable for the price.
We refer to the opinion for our understanding of the law on the question on whom the burthen of proof was thrown as to the improvements—if, in truth, any such were made. We do not think that it was the duty of the wife to furnish evidence of them. She satisfied the terms of the deed from herself and husband to Macarty, which states that the slaves descended partly from her father, and *176 were partly purchased by Lanusse and her brother, when she produces a bill of sale of thirty-four negroes, put there during the partnership, and gives credit—if she had proved 20 more, the same objection could be still made—that there might be some more.
Seghers for the plaintiffs, Mazureau for the defendants.
There is not any thing offered which was not considered; for we thought the equity of the case, with the appellants, and the appellees only prevailed from the strength of their legal rights.
The rehearing is refused.